celed the contract. *Held*, that plaintiff was primarily in default in refusing to carry out the contract as made and in attempting to impose new conditions, and was without remedy for the damage sustained, although had it acted on defendant's first attempted cancellation it might have recovered damages suffered by that breach.

---

## Burkett Ovenu, Appellant, v. Esther Ovenu, Appellee.

## Gen. No. 22,348.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill for divorce by Burkett Ovenu, complainant, against Esther Ovenu, defendant, in the Superior Court of Cook county. From a decree dismissing the bill for want of equity, complainant appeals.

The ground on which the divorce was sought was adultery, which was denied by the answer. The adulteries relied on were alleged to have been committed with an unknown man while defendant was living apart from complainant, and to prove the charge complainant relied on the testimony of detectives, who, although claiming to have seen defendant's alleged paramour on several occasions, were unable to identify or trace him. For defendant was offered testimony of neighbors, people of repute, who would have been likely to have seen the occurrences, had they occurred, who negatived the probability of such occurrences. It also appeared that an employee of the Commonwealth Edison Company lived in the apartment below that of defendant, and was in the habit of going in and out of

the building at all hours of the night. This witness testified that he did not see the man who according to the detectives was in the habit of visiting defendant.

MILES J. DEVINE, for appellant; JOHN T. MURRAY, of counsel.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 46*—*how adultery may be proven.* Adultery is never presumed, but must be proven, and while it is a crime of secrecy, it may be established by proving acts from which the inference of adultery may follow.

2. DIVORCE, § 46*—*how presumption of innocence of adultery overcome.* There are no presumptions of law favoring guilt where adultery is alleged, and the presumption of innocence must be indulged until convincing evidence sufficient to overcome it is found in the record.

3. DIVORCE, § 46*—*what essential to establish adultery.* In order to establish adultery by circumstantial evidence, the proofs must convince the mind affirmatively that actual adultery was committed, since nothing but the carnal act can lay the foundation for a divorce.

4. DIVORCE, § 50*—*what presumption as to adultery where acts equivocal.* In respect to acts capable of a dual construction—one of innocence and the other of guilt—that of innocence will be indulged.

5. WITNESSES, § 267*—*when testimony of detectives disregarded.* The testimony of detectives is to be closely scanned and regarded with suspicion, and where such testimony is contradicted by credible evidence, it may be disregarded.

6. DIVORCE, §. 46*—*when evidence sustains dismissal of bill.* On a bill for divorce against a wife on the ground of adultery, where the affirmative proof of the charge was based on the testimony of detectives, a decree dismissing the bill for want of equity, *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.